HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAVEL GOBERMAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NISTLER, et al.,<br><br>　　　　　　Defendants | CASE NO. C15-964 RBL<br><br>ORDER DENYING MOTION TO EXPEDITE AND REFERRING MOTIONS TO RECUSE TO CHIEF JUDGE<br><br>[Dkt. #s 5, 6, & 7] |

THIS MATTER is before the Court on the following motions: Plaintiff Goberman's Motion for Expedited Hearing [Dkt. #5]; Goberman's "Motion for Recusal/Assignment to another Judge" [Dkt. #6] and Goberman's "Second Motion for assignment to another Judge." [Dkt. #7].

The Plaintiff is *pro se*. His handwritten complaint seems to relate to a decision made by the Social Security Administration some 17 years ago about Goberman's benefits, and a more recent decision to pay him less, perhaps based on the amount of his other resources:

ORDER DENYING MOTION TO EXPEDITE AND
REFERRING MOTIONS TO RECUSE TO CHIEF
JUDGE - 1

1  About 17 years ago I was illegally terminated by TRI-MET.
2  Didn't get reinstatement and compensation for violation of my civil
   and human rights, didn't find job and went on pension-income
3  from the Social Security Administration at age of 61. Didn't get justice.
   Therefore my income now is so low, $591.
4  Since January 2015 the SSA started withhold $105 from my income
   for to pay for my health care/Medical insurance on base of that
5  I have "overresources" on My Checking Account was more than
   $2,000. I'm 78 now.
6  My many Complaints to SSA that the SSA is not legal agency,
   and without legal due process of law, without the court order may
7  not withhold from my income any money - were ignored.
   Last 3 months I had no any income from SSA and live on my
8  saving. Now my saving almost gone, and on my Checking Account
   is much less than $2,000.
9  I demand from this Court to give an Order to SSA to pay me my
   income $591 and return all money taken from my income.

10

11 [Dkt. #1] Goberman asks the Court for an "expedited" hearing, based on his apparent need for

12 the funds, but this case has not even been served on the defendants. [*See* Dkt. #4].  Other than

13 his need for money, he has not identified any basis for an expedited trial, or any other hearing.

14 The Motion for an Expedited Hearing is **DENIED** without prejudice.

15     Goberman's (first) Motion for recusal/re-assigment is similary without support.  He

16 complains that he has not received "any letter from Judge Leighton about the status of my case,"

17 and recites his apparent belief that it is the Judge's responsibility (and not the clerk's office's) to

18 explain to him that he has not served the defendants: "federal rules or regulations may not

19 overwrite the constitution of the USA."  He states that "Judge Leighton does not support the

20 Constitution of the USA and violates the Code of Ethics for Government Employees" and

21 "demands from all government employees to support this constitution[.]"  [Dkt. #5].  The basis

22 for the accusation is unclear; the case was filed in June, it has not yet been served, and until the

23 (July 13) motion to recuse, there were no pending motions.

24

1      Mr,. Gobermnan's second Motion to Recuse was filed 8 days after the first, on July 21.

2 [Dkt. #6]  It is noted for consideration August 7.  It similarly contains no information, argument,

3 or legal authority.  The Court therefore cannot know the bases of the Motions to Recuse.

4      Under 28 U.S.C. § 455, recusal is warranted where the Court's impartiality might

5 reasonably be questioned, or where he has some stake in the case:

> **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> **(b)** He shall also disqualify himself in the following circumstances:
>
> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> **(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
> **(3)** Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
> **(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]

28 U.S.C. §455.  Goberman has not claimed bias, and there is no factual basis for such a claim, if he had.  The Court is aware of no personal stake or interest in the case.  Instead, Mr. Goberman's motions appear to be based on the fact that he has not yet prevailed on a case he filed two months ago and has yet to serve on the defendants.   Courts in this Circuit have long held that, particularly where a pro se petitioner is facing dismissal, the court will construe his or her pleadings liberally. *See Balistreri v. Pacifica Police Dept*. 901 F.2d 696, 699 ( 9th Cir.1990);

1 *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985)  ("[W]e have an obligation where the petitioner is pro se ... to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.").  The Court will construe Mr. Goberman's pleadings liberally, but that does not mean that he does not have to invoke this Court's jurisdiction over the Defendants by serving them according to the Rules.  *Pro se* litigants are obligated to follow the same rules of procedure that govern other litigants. *See United States v. Merrill,* 746 F.2d 458, 465 (9th Cir. 1984).

The Motions to Disqualify are not well-taken.

Under GR 8(c), Local Rules W.D. Wash., prior to a ruling on the motion by the chief judge, this Court may "review the motion papers and decide whether to recuse voluntarily."

The Court declines to recuse voluntarily.

Therefore, pursuant to GR 8(c), the Clerk is directed to **REFER** the Motions to Disqualify [Dkt. #s 6 and 7] to Chief Judge Marsha J. Pechman.

IT IS SO ORDERED

Dated this 17th day of August, 2015.

Ronald B. Leighton
United States District Judge